IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAYMOND WALLS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3082 |
| | ) | |
| v. | ) | |
| | ) | |
| CORPORATION FOR NATIONAL AND | ) | MEMORANDUM AND ORDER |
| COMMUNITY SERVICE, | ) | |
| Americorps/Vista, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's, Corporation for National and Community Service's ("CNCS"), renewed motion to dismiss. (Filing No. 22). Plaintiff, Raymond Walls, initially brought this case in small claims court of Lancaster County seeking monetary damages for the alleged wrongful termination of an educational grant awarded to him by defendant. Defendant removed the case to federal court and moved to dismiss the complaint. This court issued an order allowing plaintiff time to properly serve defendant and amend his complaint. (Filing No. 12). Plaintiff has now filed an amended complaint and properly served defendant. (Filing No. 14). Defendant has renewed its motion to dismiss, or in the alternative motion for summary judgment, based on lack of subject matter jurisdiction. The court has reviewed the pleadings, briefs and evidentiary material provided by the parties and for the reasons discussed below grants defendant's motion to dismiss.

**FACTUAL BACKGROUND**

Walls is a citizen of Lincoln, Nebraska. The CNCS is the federal agency that administers the Americorps and VISTA Program pursuant to the Domestic Volunteer

Service Act (DVSA), 42 U.S.C. § 4950 *et. seq.* VISTA volunteers are enrolled into the VISTA program when there is a federal, state, or local government agency, or a non-profit organization that has requested the assignment of a particular VISTA volunteer. (Filing No. 7, Whaley decl. ¶ 12). Prior to placement with a sponsoring organization, the CNCS State Office must approve an organization's project application for a VISTA volunteer. (Whaley decl. ¶ 13). Sponsors and project sites then provide the day-to-day supervision and direction for VISTA volunteers. (Whaley decl. at ¶ 19).

Walls submitted an application to serve as an AmeriCorps VISTA member on or about June 15, 2004. (Filing No. 7, Exhibit 4). Walls was selected to attend the Americorps VISTA Pre-Service Orientation (PSO) as a VISTA trainee. VISTA volunteers are provided with information about grievance procedures both before and during their initial volunteer training. (Whaley decl. at ¶ 28). VISTA volunteers also receive information about grievance procedures through the VISTA Handbook, which is handed out to every VISTA Volunteer. (Filing No. 7, Exhibit 1, Vista Handbook , Appendix B).

After completion of his PSO, Walls completed an AmeriCorps VISTA Member Benefits Election Form in which he elected to receive an Education Award in the amount of $4,725.00 on the condition that he successfully completed his year long service. (Filing No. 7, Exhibit 6).

Walls began his VISTA service at the Malone Center on or about November 22, 2004. (Filing No. 7, Pace decl. ¶ 14). Within a month of serving at Malone Center, Walls sent a letter to his VISTA project supervisor Kurt Mantonya requesting a transfer to another project site within the City of Lincoln. (Filing No. 7, Exhibit 7). In the letter he stated that he did not believe there would be an opportunity for him at the Malone Center after

2

completing his year of service. After receiving the letter, Mantonya met with the director of Malone Center, Soper Robinson. Robinson stated that Walls had been belligerent while working at Malone Center, and that Walls' co-workers reported he was difficult to work with. (Filing No. 7, Exh. 8 Letter from Kurt Mantonya to Robert Pace & Pace decl. ¶ 24). Mantonya informed Walls that he was looking for an alternate placement for Walls. On or about January 11, 2005, Walls informed Mantonya that he had met with a board member of Malone Center to discuss the problems he was having with Soper Robinson. (Pace decl. ¶ 27). Thereafter, Mantonya made a formal request to Nebraska State Program Director Robert Pace that the CNCS remove Walls from Malone Center. (Filing No. 7, Exh. 8). While Pace determined that Walls should be removed from Malone Center, he placed Walls at an alternate site, People's City Mission.

On or about January 12, 2005, Walls transferred to the People's City Mission. (Pace decl. ¶ 30). The log notes at the People's City Mission show that Walls had performance problems. (Filing No. 7, Exhibit 10).

On June 16, 2005, Walls resigned from the Americorps VISTA service program. On his Future Plans or Early Termination Form effecting his resignation, he stated that he was terminating early from the program because "I refuse to work outside my classifications." (See Filing No. 7, Exhibit 12). Walls gave his resignation forms to Mantonya and not to Director Pace.

In all his filings with this court, Walls alleges that his departure from the program was because the Malone Center did not have sufficient knowledge of the VISTA Program.

3

## DISCUSSION

In the CNCS's motion to dismiss, it claims that plaintiff is barred from bringing his case under the doctrine of sovereign immunity and because he failed to exhaust agency administrative remedies.

### A.  Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for a dismissal based on the court's lack of subject matter jurisdiction to hear the case. Dismissal under Rule 12(b)(1) is appropriate if the issue before the district court is whether the plaintiff has failed to satisfy a threshold jurisdictional requirement. *See Trimble v. Asarco, Inc.*, 232 F.3d 946, 955 n. 9 (8th Cir. 2000).  In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the defendant must successfully challenge the complaint on its face or on the factual truthfulness of its averments. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

### B.  Exhaustion of Remedies

The CNCS argues that Walls' claims are barred for failure to exhaust administrative remedies.  The defendant points out that a VISTA volunteer who feels the CNCS staff failed to comply with applicable VISTA procedures may file a grievance with the Corporation under 45 C.F.R. Part 1211.  Furthermore, defendant argues that if plaintiff felt he had been subject to discrimination based on his race, color, national origin, religion, age, sex, handicap, or political affiliation in the course of his service in the AmeriCorps VISTA program, he could have asserted a complaint under the volunteer discrimination complaint procedures under 45 C.F.R. Part 1225.

Here, plaintiff appears to be arguing that the CNCS constructively discharged him by failing to provide him a suitable assignment.[1] But to properly challenge any such action, it would be necessary for plaintiff to file a grievance with the CNCS as set forth in 45 C.F.R. Part 1211.

In this case, plaintiff resigned from his VISTA position of his own accord. Walls was instructed on how to file a grievance with the CNCS and he failed to follow the proper administrative procedures to complain of any improper treatment. Indeed, as defendant argues, had Walls followed the proper administrative remedies, the CNCS could have determined whether it violated any of its procedures during the handling of Walls' volunteer service. But at no time during his service, or immediately after his volunteer service, did Walls complain to the CNCS that it violated its procedures. Because plaintiff did not exhaust his administrative remedies, this court does not have jurisdiction over his claim and his complaint is dismissed.

IT IS ORDERED:

1. Defendant's motion to dismiss (Filing No. 22) is granted; and

2. A separate Judgment will be entered.

DATED this 29th day of January, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[1] Plaintiff does not allege in any of his pleadings that CNCS discriminated against him based on his race, color, national origin, religion, age, sex, handicap, or political affiliation.